NAA MJP et al. Appellants v. Jose DeJuda Garcia et al. v. Beryl A Howell Chief Judge, U.S. Dist. Court for the Dist. of Columbia et al. Mr. Gianni for the Appellants, Mr. Huda for the Appellees. May it please the Court, good morning. I'm Joseph Gianni. There's three prongs to our arguments. The first prong is that we argue that the Poll Clause is unlawful because it violates the Supreme Court's decision in Fraser v. Hebe, and it's inconsistent with this Court's decision in Edwards v. Dist. of Columbia. Second, we argue the principal office location disqualification provisions are an abuse of discretion because they are in excess of the rulemaking standards set forth in 28 U.S.C. 2071 and 2072. They violate numerous acts of Congress in their abridged, modified, and enlarged plethora of substantive rights. Third, we argue that the decisions in the Third, Fourth, and Ninth Circuit are wrong and that this Court should not follow them. The overarching issue in this case is invidious class-based discrimination, one group of citizens against another. This is the same discrimination that we've seen in what everyone acknowledges are the worst decisions in the history of the Supreme Court. They were Plessy v. Ferguson, Dred Scott v. Lafayette, and United States v. Coramazzo. Each of these cases is based on a stereotype of prejudice against a certain class of citizens. We have the same invidious class-based discrimination in the poll clauses. First of all, they're not imposed on Washington District of Columbia attorneys. They're not imposed on the government attorneys. They're not imposed on corporate counsel. They're imposed on a certain discrete class of citizens and attorneys who cannot help the class that they're a part of because 40 states presently provide reciprocal admission for all attorneys, and 10 states are still segregationists. So my client, Marina Calaway, is an African American, UCLA and DePaul University Law School graduate, a military veteran, and she is denied admission in this District Court of Columbia because of the basis of her office location. In Fraser v. Hebe, the Supreme Court encountered that very question, and it held that discrimination on the basis of office location has nothing whatsoever to do with competence. It doesn't matter where the attorney lives. There's an increasing need for specialized legal services regardless of state boundaries, and this office location provision is not necessary. The Supreme Court further held that Pro Hac Vicee is not an adequate substitute. The challenge rule is identical. It's identical. You have the same disparate treatment based on office location. There's no difference in the whole clauses here, in this case, than what the Supreme Court held in Fraser v. Hebe when it said federal discrimination is difficult to justify. Today, this is 30 years later, we have iPhones, we're connected to everybody. Competence is not related to office location. This whole clause is also inconsistent with this Court's decision in Edwards v. The District of Columbia, the tour guide case. As in that case, there's no evidence justifying this discrimination. I'm here today, Your Honor, as a tour guide for my clients who are also tour guides, and we are asking this Court to winnow through 200 years of constitutional law and to allow us to perform our professional responsibilities to vindicate federal rights and champion locally unpopular claims in the District of Columbia Court, which we are denying. This class of discrimination also injures all of us. As we submitted in Dr. Page's declaration, all of us together are better than any of us individually. Diversity is a good thing. Diversity has been recommended by the Obama Administration, Streamlining Reciprocal Admission, the ABA, the Conference of Justices, the Uniform Bargain Commission. Essentially, Your Honor, I'm here challenging an us-against-them culture of discrimination when the them that they're discriminating against is us. We're all Americans. The second prong of my argument is that the poll clauses are inconsistent with the Rules Enabling Act, which were amended in 1988. The Federal Rules of Civil Procedure were amended in 1995. FRCP 83 was amended. FRAP 47 was amended. Both of these amendments specify that District Court and Courts of Appeals are authorized to make local rules, but those local rules have to be consistent with Acts of Congress, and they have to not abridge, enlarge, or modify any substantive rights. This is essentially based on the conclusion that district judges' discretion in enacting local rules is carefully cabined. Judges aren't legislators. They don't have a roving policy commission to do anything they want. And where do you get the limitation that the local rules cannot abridge, enlarge, or modify a substantive right? Well, I get that, Your Honor, from the fact that when Congress amended the Rules Enabling Act, it concluded that the local rules were inconsistent with the national rules and they violated numerous Acts of Congress. Therefore, they put the burden of proof on the judicial counsels to periodically review the local rules to make sure that they were in conformity with 207-2. I get 207-2, that standard, from 207-1, which specifically states that the rules shall be consistent with 207-2. And if we look at the section 207-2b, it squarely says, shall not abridge, modify, or enlarge any substantive rights. And they do. But that's talking about the federal rules themselves. Certainly. Certainly. But why would Congress, in trying to tighten up the local rules, say to judges, district judges, you don't have to comply with this 207-2b standard, but the Supreme Court does. It's a slippery slope. It makes no sense. It's inconsistent with the entire purpose of this amendment. And your best argument that this local rule enlarges, abridges, or modifies a substantive right is, your single best argument, what's the substantive right that it enlarges, abridges, or modifies? The petition clause. The petition clause. It's a substantive right. It basically says that Congress shall not abridge, enlarge, or modify any substantive right. I'm sorry. It says Congress shall not abridge the constitutional right to petition the court for the redress of grievances. The poll clause abridges that substantive right because it imposes a classification scheme against these citizens. These citizens, who are attorneys, are not allowed to petition. And citizens and corporations who want to choose that attorney are prohibited from choosing him, unless, in some circumstances, they can get pro hac vice and pay for two attorneys. And in some circumstances, they can't even get pro hac vice admission. So the whole purpose of Congress can't abridge the right to petition, but neither can local rules. Is there anything in the record about inability to get pro hac vice? Excuse me? Is there anything in the record about any inability to appear pro hac vice? It's all over the place. In fact, for example, in California, if you have an office or residence in the state and you are not admitted in the state, you're ineligible for pro hac vice in the state and in the federal court. Next door in Maryland, you have the same situation. If you're a District of Columbia licensed lawyer and you practice in the Patent and Trademarks Office and you work there and learn your trade and leave, you cannot practice in the District of Columbia. I'm sorry, in the Maryland District Court. If you have an office in the state for both general and pro hac vice admission, you're disqualified because you're disqualified on the basis of having any office, not a principal office, any office. So this is not the only substantive right. So if you belong to a firm that's headquartered in D.C. but also has a Maryland branch and you're in the D.C. office and you're barred in D.C. and Massachusetts and you want to go pro hac vice in Maryland, you're telling me you can't do that because your firm has an office in Maryland? I'm not following your question, Your Honor. I'm just trying to observe the information you just gave us. You said if you have an office in Maryland. Right. The only way you can practice in Maryland is if you are barred there. Maryland Court of Appeals law. You can't come in pro hac. You can't otherwise appear. No, you can't. And I was just applying that to a situation in which you're a member of a law firm that has a headquarters in D.C. but a branch office in Maryland. And if you're barred in D.C. and you can't appear pro hac. The law firm could have an attorney and or an appearance. But you could not be the lawyer either pro hac or pro vice. You're not eligible. You're blanket barred. You're ineligible based on having any office in the state of Maryland. It also bridges and enlarges and modifies the substantive right to full faith and credit, the statute. Federal statute says in the federal court we're going to treat state judgments as if they were rendered in that state. All my clients have been admitted via judgment of the court that they're admitted in. The local rule basically says we're not going to uphold. We're not going to provide them full faith and credit. We're going to give them no faith and credit. So essentially there's enlarging the full faith and credit statute for local attorneys and government attorneys and corporate counsel but not a specific class of attorneys based on office location. Now the whole discrimination based on office location really has nothing whatsoever to do with competence. And I better move quickly. The third circuit case essentially I think I asked the court not to follow. It's not precedent. In my circuit case I asked the court to not follow because it holds district judges are immune, have sovereign and judicial immunity which is clearly inconsistent with Fraser v. Hebe and the 28 U.S.C. 332 D-4 which imposes on the judicial counsel a mandatory duty to review the local rules periodically to make sure that they're consistent with 2072. And in the fourth circuit they similarly have a principal office location disqualification provision. The fourth circuit opinion held holds. It distinguishes Fraser v. Hebe and it says we're not discriminating on the basis of residents ignoring the fact that Fraser v. Hebe squarely says you can't discriminate on the basis of office location. They completely ignore that fact. Additionally they carve out an exception for the poll clauses from 2072 B because they say we're reading the section incorrectly. It doesn't really say that. Well that interpretation basically is inconsistent with what the purpose of the Rules Enabling Act and modifications were and inconsistent with the modifications to FRCP 83 and BRAC 47. And it's not correct. Basically it's a product of an us against them mindset. We're essentially saying we're not going to follow the law that Congress has enacted because we don't want to. We're going to paper over it. We're going to find a way out of it. We're going to perpetuate this discrimination. The same discrimination that's kept Merrick Garland from his hearing in the Supreme Court. There's no reason other than it's party politics. It has nothing to do with his confidence. The poll clause has nothing whatsoever to do with my client's confidence or fitness. All right. Thank you, Mr. Giannini. May it please the Court, Brian Hudak from the U.S. Attorney's Office on behalf of the judges of the District Court and the Attorney General of the United States. We ask that the District Court's judgment in this case be affirmed. I want to first answer the question posed by the panel about pro hoc vijay to the District Court. Here, the situation that Judge Hillard, you proposed, wouldn't at all infringe upon an attorney's eligibility to become a pro hoc vijay member of the District Court for a particular case. The only requirements, the only prohibitions on attorneys is if the attorney engages in the practice of law from an office located in the District of Columbia. So if an attorney was a member of a nationwide firm that happened to have offices here in the District of Columbia, whereas the attorney practiced out at their New York office, the DDC's pro hoc vijay rule would not prohibit that attorney from obtaining pro hoc admission. But in general here, the rule of the District Court does not violate any constitutional provision, is not contrary to any act of Congress, and the Supreme Court's holding of Frazier in the exercise of his supervisory power isn't applicable here. As for Frazier, as both the Fourth and Ninth Circuits have held in rules that are far more strict than the District Court's rule here, Frazier is distinguishable. The rule here in particular does not create any suspect classifications based upon where an attorney resides or even where the attorney's office is located. The attorney can have a law office anywhere in the United States as their principal law office, and as long as they're a member of either the DC bar or a member of the jurisdiction in which that office resides, they can have that office and practice and become a full-fledged member of the District Court's bar. The Rules Enabling Act doesn't apply here. The limitation in 2072 is not engrafted in 2071 based upon the text of the statute, but even if it were, the Supreme Court's holding in Shady Grove Orthopedics makes clear that the substantive rights that are at issue in the Rules Enabling Act are those that control decisions of law, how the substantive decision is going to be made as opposed to how the issues are presented to the court, the procedural law. And that's the distinction that the Supreme Court in Shady Grove reached when considering the Supreme Court's general applicable rules of procedure or practice. So are you resisting or agreeing with the proposition that the limitation on court rules to rules that don't abridge and large or modify substantive right would apply also to local rules? No, and our primary argument is that the substantive right provision of 2072 is not a limitation on local rules. That seems rather odd. So that local rules can do, in effect, local courts can do via local rule, substantive lawmaking even though the federal courts through the Rules Enabling Act process cannot? I would say it's not substantive lawmaking. I would say that Congress perhaps found it wise not to have a restriction that may be viewed as overbroad in the maintenance of the judiciary in any particular jurisdiction. They cannot in no way are we suggesting that the district court can pass and impair a substantive right that would be protected by the Constitution or another act of Congress. What we are saying is that that's not. Well, but common law. Well, but common law, Your Honor, we can imagine hypotheticals here. There's not any one pose that. Right, I'm just curious. I mean, I agree there's not any pose, but you're asking this to make a ruling that could have implications in other cases. And I'm just surprised that you see the need to take that position. I would think that's a strange position for the government to be taking. I understand, Your Honor. And I wonder what prerogatives you have in mind that you think you would be protecting by taking that position. Your Honor, we're simply taking the position that was adopted in the Fourth Circuit case that the association brought that the limitations on these rules, because the general rules of practice can impinge on substantive rights, the rules of the district court can impinge on those rules. So why wouldn't it just be by Operation of 2072 that local rules under 2071 also can't enlarge, abridge, or modify substantive rights? I don't see what you lose by seeing the logic of that. And it does seem peculiar to me that somehow through local rule, a district court could do substantive lawmaking where the federal courts generally cannot. Well, I mean, I think what Congress may have had in mind is the way that claims are brought to a district court. A district court is able to set filing fees, able to set fees for Pro Hoc Vitae admission, able to command that if a response is not filed within 14 days that the matter can be deemed conceded. And I believe Congress was careful in using its words to limit the amount of controversies there are over local rules by saying specifically that they just need to be consistent with federal rules of practice. All we're doing is asking this court to apply the statutory text. If there are specific scenarios where a district court is engaged in substantive lawmaking, then we can address those on the space. But here we're simply asking the court to apply the statute, as Congress wrote and as the Fourth Circuit has adopted that interpretation as well. I understand, Your Honor, there may be a particular set of circumstances where it may be troubling to apply that rule in a vacuum. But here we don't see how this rule at all impinges on any substantive rights, even if the limitations of 2072 do apply. As to the First Amendment, this is a general licensing requirement that has been held as such by the other courts who have considered this issue, namely the Third and the Fourth. And the Association's other constitutional challenges simply lack merit. Unless the court has other questions for us, the judges and the Attorney General would ask that the district court's judgment be affirmed. Thank you. Thank you. Mr. Gannon, you had no time left. We will give you one minute for rebuttal. Thank you. Thank you. Just a few points. First, we'd ask the court to consider and take judicial notice of the amicus brief that was filed by the Association of Professional Responsibility Lawyers in the Supreme Court because it addresses this principal office location issue in depth. It's neutral, it's well-written, and it's persuasive. The second point I'd like to make, Your Honor, is that in the Shady Grove Supreme Court decision, it didn't really consider the Rules Enabling Act. But what it does say is that when a rule alters the rules of decision, then it's subject to a different category of classification. And the issue of who is allowed to present an argument and petition and express their client's right on matters of public concern in the United States District Court clearly encompasses the issue of a procedural rule that alters the decision-making process, which is very clear as a result of Mr. Merrick Orleans' refusal to be provided a hearing. He wasn't provided a hearing because they didn't want him on the Supreme Court because of the decisions that he would make. And with the poll clauses, certain class of attorneys were disqualified. And they were disqualified without any evidence. Even under the intermediate standard of review for neutral provisions, the government still has the burden of proof, and they haven't submitted any evidence. Which brings me to my final point. The government has a battalion of excellent attorneys. They have not submitted any evidence justifying this. No declarations, no statistical evidence, no evidence rebutting the ABA's conclusions or the Conference of Chief Justices' conclusions or the Uniform Bar Exam Commission's conclusions. I doubt that my adversary has spoken to any of the district judges, and I don't believe that he's representing their views on the issue. He is paid. He's a defense attorney. The government is willing to defend anyone for essentially anything. And what they're basically arguing is inconsistent with a lot of the pronouncements that Eric Holder has made and pronouncements that the Department of Defense and the Department of Justice and the Obama Administration have recommended for streamlining occupational licensing across state lines. Additionally, this really, because the government is involved, presents an almost insurmountable burden because we want to believe the government. But my client is not the government. He's not the United States of America. He's not speaking on behalf of the district judges coming in here and testifying or submitting memorandums of opinion. I doubt they even care about the result of this case. They have an inventory of 500 cases on their docket, and it's a question of importance. This issue is probably 500 first. It's irrelevant. It's not going to hurt them one way or the other. It's going to improve access to justice and diversity and essentially provide us what our founding fathers described in the Constitution of forming a more perfect union and protecting the right to petition the United States government for the redress of grievances. Thank you. All right. Thank you, Mr. Giannini. The case will be submitted.
judges: Brown, Pillard, Edwards